# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TROY D. COLEMAN,

               Plaintiff,

                                           **Case No. 06-C-896**

     -vs-

MILWAUKEE SCHOOL OF CHOICE,

               Defendant.

---

## DECISION AND ORDER

---

On August 17, 2006, the plaintiff, Troy D. Coleman ("Coleman"), filed this action along with a request to proceed *in forma pauperis* ("IFP"). To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Coleman brings claims for wrongful termination, sex discrimination, and "failure to fulfill contract" relating to the apparent termination of his employment. Both parties are from Wisconsin, so the Court cannot invoke diversity jurisdiction with respect to any potential state law claims. *See, e.g., McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) ("For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any

defendant"). The only federal claims (wrongful termination and sex discrimination) would come under Title VII. However, Coleman has failed to attach a right to sue letter from the EEOC, the issuance of which being one of several prerequisites to filing suit and obtaining relief in federal court. *See, e.g., Connor v. Ill. Dep't of Nat'l Resources*, 413 F.3d 675, 680 (7th Cir. 2005) (A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter). Therefore, Coleman's complaint fails to state any federal causes of action, and it must be dismissed.[1]

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Coleman's request to proceed IFP [Docket No. 2] is **DENIED**;

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2006.

SO ORDERED,

s/ RudolphT. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

---

[1] The Court also takes judicial notice of the fact that Milwaukee School of Choice is a private school, so Coleman cannot state any claims under 42 U.S.C. § 1983.

-2-